**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LYON, INCORPORATED, Respondent.**

No. 21478.

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1965.

Paul M. Thompson, Atty., N.L.R.B., Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Arnold Ordman, Gen. Counsel, Allison W. Brown, Jr., Atty., N.L.R.B., Washington, D. C., for petitioner.

Richard C. Keenan and Kullman & Lang, New Orleans, La., for respondent.

Before JONES and BROWN, Circuit Judges, and SHEEHY, District Judge.

PER CURIAM:

The record before us requires an enforcement of the order of the National Labor Relations Board. Accordingly, the order will be

Enforced.

**NATIONAL UNION INDEMNITY COMPANY, Appellant,**

v.

**KESK, INC., Appellee.**

No. 21556.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1965.
Rehearing Denied March 31, 1965.

A. Morgan Brian, Jr., and Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Blake West, Louis B. Claverie, New Orleans, La., Charles D. Egan, Shreveport, La., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., Cook, Clark, Egan, Yancey & King, Shreveport, La., of counsel, for appellee.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

In this action a prime contractor seeks to enforce the surety bond of its defaulting subcontractor. Upon default of the subcontractor, the plaintiff-appellee became obligated to pay the bills of numerous materialmen, and it seeks reimbursement from the appellant on a Performance and Payment Bond given by the subcontractor. The district court, rejecting the surety's contention that premature progress payments from the prime contractor to subcontractor released the surety's obligation, rendered a judgment adverse to the surety, and it appeals.

Upon a review of the record and a consideration of all of the appellant's contentions, we are convinced that the district court properly interpreted the contract and applied the appropriate legal principles. 224 F.Supp. 766 (W.D.La. 1963). We have nothing to add to that opinion. The judgment is affirmed.